## J. B. JOBE v. STATE.

CRIMINAL LAW. *Trial. Evidence. Sufficiency.*

> Where on the trial of a criminal case the evidence only raises a suspicion of defendant's guilt, it is insufficient to warrant a conviction.

APPEAL from the circuit court of Claiborne county.
HON. H. C. MOUNGER, Judge.
J. B. Jobe was convicted of adultery and appeals.
The facts are fully stated in the opinion of the court.

*C. A. French,* for appellant.

In order to convict a defendant on a charge of unlawful co-habitation by circumstances, the circumstances must be such, as to exclude any other hypothesis than that of the guilt of the defendant. The evidence in this case, as to the circumstances testified about falls far short of this rule.

The court should have granted a new trial in this case, on the ground that the verdict was contrary to the evidence, if for no other reason. I respectfully submit that this should be reversed, and a new trial awarded.

*Frank Johnston,* assistant attorney-general, for the state.

The question mainly argued on the merits of the case is whether the evidence is sufficient to sustain the verdict. I submit this question to the court without any elaborate argument. The precise question is whether on the testimony in the case, which was of a circumstantial character; the facts of this corn crib incident, which were detailed by Clark; and the other facts that Mrs. Barnes lived in the house with Mrs. Jobe's family, and the fact

that Mrs. Jobe left the place, and left her husband; all of these facts were sufficient to warrant the jury in the conclusion that the defendant was guilty of habitual intercourse with Mrs. Barnes?

Cook, J., delivered the opinion of the court.

Appellant was indicted for the crime of adultery and convicted in the circuit court of Claiborne county. We have carefully examined the record in this case, and we find no evidence upon which the jury's verdict can be sustained. There is very little evidence upon which to found a suspicion that appellant was guilty of a single act of sexual intercourse, much less of habitual intercourse. In fact, it seems to us that there is nothing in the record to justify even a suspicion that the parties involved in this controversy were guilty of any violation of the law of the state or of good morals.

The case is reversed, and judgment here discharging the defendant.

*Reversed.*